## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| WILLARD   J.   HILL   d/b/a   HILL'S | § | |
| CONSTRUCTION; J BAR | § | |
| CONSOLIDATED, LLC; and | § | |
| GTM REAL ESTATE PARTNERS, LLC | § | |
| | § | |
| **Defendants.** | | |

### PLAINTIFF COLONY INSURANCE COMPANY'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Colony Insurance Company, and makes and files this Complaint against Willard J. Hill d/b/a Hill's Construction, J Bar Consolidated, LLC, and GTM Real Estate Partners, LLC, and would show the Court as follows:

### I.
### Introduction

1.     This is an action for declaratory judgment to determine whether Colony has a duty to defend or indemnify Defendant Willard J. Hill d/b/a Hill's Construction ("Hill's") and/or J Bar Consolidated, LLC ("J Bar"), in an underlying lawsuit styled *J Bar Consolidated, LLC v. GTM Real Estate Partners, LLC*, No. 2016-21632 in the 190th Judicial District Court of Harris County, Texas (the "underlying lawsuit"). The underlying lawsuit was brought by Defendant J Bar against GTM Real Estate Partners, LLC ("GTM"), and Hill's. GTM in turn brought a counterclaim against J Bar and claims against Hill's. The underlying lawsuit arises out of a construction project in which J Bar asserts that GTM breached a construction contract by failing to properly compensate J Bar

and GTM brought claims asserting that J Bar failed to properly perform under the construction contract.

## II.
## Parties

2.       Colony is a citizen of the Commonwealth of Virginia, being a corporation formed under the laws of Virginia and having its principal place of business in Virginia.

3.       Willard J. Hill is an individual citizen and resident of Texas. Hill may be served at his principal place of business, 26961 Highway 6, Hempstead, Texas 77445, or at any other place he may be found.

4.       J Bar Consolidated, LLC, is a Texas limited liability company formed under the laws of Texas with its principal places of business in Harris County, Texas. Upon information and belief, Roy H. Acord, Jr. is the sole owner of J Bar who is a citizen and resident of Harris County, Texas. J Bar may be served via its registered agent, Roy H. Acord, Jr., at 35341 Westheimer Parkway, Katy, Texas 77494, or at any other location where he may be found.

5.       GTM Real Estate Partners, LLC, is a Texas limited liability company formed under the laws of Texas with its principal place of business in Harris County, Texas. Upon information and belief, GTM is owned by James G. Cronin, Jr., and Tonya T. Cronin each of which is a citizen and resident of Harris County, Texas. GTM may be served via its registered agent, James G. Cronin, Jr., 9216 Windmill Park Rd., Houston, Texas 77064, or at any other location where he may be found.

### III.
### Jurisdiction and Venue

**6.**     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Colony and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(7) and 1391(b) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

### IV.
### Basis for Claims

8.     The underlying lawsuit was filed April 5, 2016. It commenced trial on January 21, 2020.

9.      According to the pleadings, GTM contracted with J Bar to construct various improvements to real property it owns located in Houston, Texas.

10.     J Bar asserts that GTM failed to comply with the terms of the agreements by failing to properly compensate J Bar for the work performed.

11.     Hill's asserts that it was not properly compensated for the work performed for J Bar on GTM's property.

12.     GTM alleges that the work completed by Hill's and J Bar fails to meet the terms of the agreements and has to be replaced.

13.     J Bar alleges that Hill's has failed to live up to an indemnity agreement between J Bar and Hill's related to Hill's work for J Bar.

14.     Colony is defending Hill's against the claims raised by J Bar and GTM pursuant to a reservation of rights.

15.     GTM is an interested party in this action due to the claims it raises in the underlying lawsuit whereby it seeks damages against Colony's insured Hill's.

16.     There is no coverage for GTM's claims against Hill's and J Bar because the policies Colony issued to Hill's do not provide coverage for the claims raised. There is no coverage for claims J Bar's claims against Hill's because they are not covered by the terms of the Colony policies. Furthermore, J Bar's contractual claims against Hill's are void and unenforceable as against public policy under Texas law.

## V.
## The Colony Policies

17.     Colony issued two consecutive Commercial General Liability policies to Hill's Construction. The first, no. 103 GL 0004443-00, was effective June 1, 2014 to June 1, 2015 (2014-15 Policy). The second, no. 103 GL 0004443-01, was effective June 1, 2015 to June 1, 2016 (2015-16 Policy).

18.     Both Colony primary policies contain the following insuring agreement:

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

                                    * * *

    b.  This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

19. The policy contains the following relevant exclusions, which provide that the insurance does not apply to:

**b.      Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

\* \* \*

**j.      Damage To Property**

"Property damage" to:

\* \* \*

(5)      That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\* \* \*

**k.      Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l.   **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a contractor.

\* \* \*

m.   **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

20.   The Colony Policies define "your product" and "your work" as:

21. "Your product":

a.   Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name; or

(c) A person or organization whose business or assets you have acquired; and

* * *

    b.  Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2) The providing of or failure to provide warnings or instructions.

    c.  Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":

    a.  Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b.  Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2) The providing of or failure to provide warnings or instructions.

* * *

21.    The Colony Policies also contains the following three endorsements, which provide in pertinent part:

**EXCLUSION-**
**CONTINUOUS, PROGRESSIVE OR REPEATED - BODILY INJURY,**
**PROPERTY DAMAGE, OR PERSONAL AND ADVERTISING INJURY**

    **2.**    **Exclusions** is amended and the following is  added:

This insurance does not apply to:

1.      … "property damage", including continuous or progressively deteriorating or repeated … "property damage", that first occurs prior to the effective date of this policy;

2.      … "property damage", including continuous or progressively deteriorating or repeated … "property damage", that first occurs prior to the effective date of this policy and continues during the policy term;

3.      … "property damage", including continuous or progressively deteriorating or repeated … "property damage", that first occurs prior to the effective date of this policy, continues during the policy term, and ends after the expiration date of this policy; or

4.      … "property damage", including continuous or progressively deteriorating or repeated … "property damage", that first occurs after the expiration date of this policy.

\*\*\*

## SUBSIDENCE EXCLUSION

\*\*\*

This insurance does not apply to "bodily injury" or "property damage" arising directly or indirectly out of "subsidence".

B.      **SECTION V** - **DEFINITIONS** is amended and the following added:

"Subsidence" means ground movement caused by soil conditions including but not limited to:

\*\*\*

b.      improperly compacted soil or construction defects

\*\*\*

## PROFESSIONAL SERVICES EXCLUSION

This insurance does not apply to … "property damage" … arising directly or indirectly out of the rendering or failure to render any "professional service" except by endorsement to this policy and then only to the extent of such endorsement.

"Professional service" means:

\*\*\*

(2)      Preparing, approving, or failing to prepare or approve maps, drawings,

opinions, reports, surveys, change orders, designs or specifications;

(3)     Engineering services, including related supervisory or inspection services.

22.     Colony would show that the foregoing policy terms preclude coverage for the claims raised against Hill's in their entirety. Colony would show that all of the damages awarded against Hill's in the underlying lawsuit are excluded from coverage by the foregoing terms of the Colony Policies, and as a result, Colony has no duty to indemnify Hill's for any judgment rendered in the underlying lawsuit. In the Alternative, Colony would show that portions of any judgment rendered against Hill's in the underlying lawsuit are excluded from coverage and as a result Hill's bears the burden to segregate the potentially covered portions of the judgment from the uncovered portions.

23.     Colony would show that J Bar has no rights under the Colony policies as an additional insured or otherwise. In the alternative, Colony would show that the foregoing policy terms preclude coverage for the claims raised against J Bar in their entirety. Colony would show that all of the damages awarded against J Bar in the underlying lawsuit are excluded from coverage by the foregoing terms of the Colony Policies, and as a result, Colony has no duty to indemnify J Bar for any judgment rendered in the underlying lawsuit. In the Alternative, Colony would show that portions of any judgment rendered against J Bar in the underlying lawsuit are excluded from coverage and as a result J Bar bears the burden to segregate the potentially covered portions of the judgment from the uncovered portions.

## VI.
## Count One: Declaratory Judgment

24.     Pursuant to 28 U.S.C. § 2201 *et seq*., Colony seeks a declaration that it has no duty to defend or indemnify Hill and/or J Bar in the underlying lawsuit.

25.     In the alternative, Colony seeks a declaration that segregates the covered from the uncovered damages, in accordance with Texas law.

## VII.
## Conditions Precedent

26.     All conditions precedent to Colony's recovery herein have occurred or have been waived.

## VIII.
## Reservation Regarding Amendment

27.     Colony reserves the right to amend as necessary to add to this action additional claims that may be made against Defendants.

**WHEREFORE,** Colony Insurance Company prays for a declaration that Colony has no duty to defend or indemnify Hill and/or J Bar Consolidated, LLC, or, in the alternative, a declaration of the rights and obligations of the parties, and for such other and further relief, at law or in equity, to which Colony may show it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-In-Charge
State Bar No. 24041468
Southern District Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Southern District Bar No. 2870042
mattt@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     (214) 665-0100
Facsimile:     (214) 665-0199
**ATTORNEYS FOR COLONY INSURANCE COMPANY**